```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                        SOUTH BEND DIVISION

TRINITY HUNTER,                   )
                                  )
Plaintiff,                        )
                                  )    NO. 3:07-CV-593
    v.                            )
                                  )
INDIANA                           )
DEPARTMENT OF CORRECTIONS,        )
et al.,                           )
                                  )
Defendants.                       )
```

## OPINION AND ORDER

This matter is before the Court on the Complaint (D.E. # 1) and Prisoner Complaint (D.E. # 9) filed by Plaintiff, Trinity Hunter, on November 28, 2007, and January 14, 2008, respectively. Plaintiff alleges violations of his First, Eighth, and Fourteenth Amendment rights because Correctional Officer Wise failed to protect him from another inmate because Plaintiff "spoke up" about how Correctional Officer Wise, an African American, showed favoritism to African American offenders. For the reasons set forth below, pursuant to 28 U.S.C. § 1915A, the Court (1) **GRANTS** Hunter leave to proceed on his claim that Correctional Officer Wise purposely left him in an unlocked cell to retaliate against him in violation of his rights under the First, Eighth, and Fourteenth Amendments;(2) **DISMISSES** all other claims; (3) **DISMISSES** Ed Buss, David Donahue, and Sergeant Harrison; (4) **DIRECTS** the United States

Marshals Service to effect service of process on Correctional Officer Wise; and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Correctional Officer Wise to respond to the complaints[1] as provided for in the Federal Rules of Civil Procedure.

BACKGROUND

Trinity Hunter, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants, Commissioner David J. Donahue, Superintendent Ed Buss, Correctional Officer Wise, and Sergeant Harrison, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments by failing to protect him from another prisoner's attack.

Specifically, Hunter alleges that a prisoner entered his unlocked cell, stabbed him nine times, and caused life-threatening injuries. Hunter claims the attacker was able to enter his cell because Correctional Officer Wise left it unlocked in violation of prison policy in retaliation for Mr. Hunter's complaints that the correctional officer exhibited favoritism towards black prisoners. Hunter also states that Correctional Officer Wise left Hunter's

---

[1] Hunter originally filed a complaint (D.E. # 1) in the United States District Court for the Southern District of Indiana. *Trinity Hunter v. David Donahue, et al.*, 2:07-CV-332 (S.D. Ind. filed November 28, 2007). After the case was transferred to this Court, Hunter filed a second complaint (D.E. # 9) on January 14, 2008. This second complaint is construed as an amendment pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

2

cell unlocked because Wise was "racially motivated" and so that an inmate Wise befriended could attack Hunter.

Hunter claims that Superintendent Buss is liable because he allows his correctional officers to do as they please. Hunter faults Commissioner Donahue for not disciplining correctional officers harshly enough when they break prison policy. Hunter alleges Sergeant Harris is culpable because he supervised Correctional Officer Wise.

DISCUSSION

Pursuant to § 1915A, the Court "shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). During this review, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

This Court reviews complaints under § 1915A using the same standards for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under Rule 12(b)(6) dismissal is appropriate if the Plaintiff fails to "show that it is plausible, rather than merely speculative, that he is entitled to relief." *Lang v. TCF Nat'l*

3

*Bank*, 249 Fed. Appx. 464, 466 (7th Cir. 2007) (quoting *EEOC v. Concentra Health Care Servs., Inc.*, No. 06-3436, 2007 WL 2215764, at *2 (7th Cir. Aug. 3, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks and ellipses omitted))).

Hunter brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 47-48 (1988). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *Id.* at 48. Here, of course, Hunter sufficiently alleges that the violations occurred by a person acting under the color of state law. *E.g., Polk County v. Dodson*, 454 U.S. 312, 329 ("[D]efendant-prison officials unquestionably satisfied the under-color-of-state-law requirement"). To survive screening, however, he must also properly state a claim under the Eighth, First, and Fourteenth Amendment.

To state a claim under the Eighth Amendment, Hunter must allege that "prison officials were 'deliberately indifferent' to the fact that an inmate was in serious peril of being harmed." *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006)(quoting *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005)). Giving Hunter the

4

benefit of the inferences he is entitled at this stage, Hunter sufficiently states an Eighth Amendment violation by alleging that a correctional officer deliberately left his cell unlocked so that an inmate the corrections officer befriended could attack Hunter. To be sure, however, Hunter's allegation that a correctional officer violated prison policy does not state a § 1983 claim because such a claim requires a violation of rights secured by the Constitution and laws of the United States, not prison policy. *See Alvarado v. Litscher*, 267 F.3d 648, 651 ("First, the plaintiff must allege that some person has deprived him of a federal right").

To state a claim under the First Amendment for retaliation, Hunter must "allege enough to put defendants on notice so that they can file an answer, which generally includes specifying the retaliatory act and the protected activity that motivated the defendants." *Glick v. Walker*, No. 07-2929, 2008 WL 896205, *5 (7th Cir. April 2, 2008). Giving Hunter the benefit of the inferences to which he is entitled at the pleading stage of these proceedings, he states a claim under the First Amendment. *Moore v. Kasper*, No. 3-04-cv-788, 2007 WL 703990, at *3 (N.D. Ind. March 2, 2007)(Inmates "have a protected First Amendment right to submit written and oral complaints about prison conditions"); *see Babcock v. White*, 102 F.3d 267, 275-76 (7th Cir. 1996)(holding allegation that plaintiff's transfer to another prison was delayed "in retaliation for plaintiff's use of the 'inmate grievance system' and previous

5

lawsuits against B.O.P. officials" survived summary judgment motion). Here, Hunter identifies the retaliatory act, leaving the cell accessible for an inmate to attack Hunter. And, although this Court has doubts as to whether Hunter's speech is protected, the Court must assume so at this stage of the litigation. *Zimmerman v. Tribble*, 226 F.3d 568, 571-74 (7th Cir. 2000).

The Fourteenth Amendment's guarantee of equal protection is a "right to be free from invidious discrimination in statutory classifications and other governmental activity." *Harris v. McRae*, 448 U.S. 297, 322 (1980); *Shango v. Jurich*, 681 F.2d 1091, 1103 (7th Cir. 1982). Here, at this stage, Hunter's allegation that Correctional Officer Wise was "racially motivated" to leave Hunter vulnerable to attack is sufficient to survive screening. *See Trautvetter v. Quick*, 916 F.2d 1140, 1149 (7th Cir. 1990); *Simpson v. Nickel*, No. 05-C-232, 2005 WL 3149563, at *2 (W.D. Wis. November 23, 2005).

Although Hunter has stated claims against Correctional Officer Wise, he has not alleged, nor is it reasonable to infer, that Buss, Donahue, and Harrison were personally involved in leaving his cell unlocked. And the Seventh Circuit has specifically held that a plaintiff must establish that a defendant is personally liable for the deprivation of a constitutional right:

> The doctrine of *respondeat superior* can not [sic] be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the

6

> supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Because Hunter has not alleged any defendant other than Correctional Officer Wise actually knew that Hunter's cell was left unlocked, he does not state a claim against them in their individual capacities. Accordingly, the claims against Superintendent Buss, Commissioner Donahue, and Sergeant Harrison in their individual capacities are **DISMISSED**.

However, Hunter captioned this action as one against the Indiana Department of Corrections ("IDOC") and further identified each individual defendant in relationship to IDOC. Consequently, it appears he may be attempting to bring this action against the IDOC and the individual defendants in their official capacities. "To establish a claim in an official capacity suit, a plaintiff must show that the actions on which liability is predicated took place pursuant to a government policy or custom." *Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987). Because Hunter does not allege and it would not be reasonable to infer the IDOC has a policy, custom, or practice that caused him injury, any claims against the IDOC and

7

the individual defendants in their official capacities are also **DISMISSED**.

CONCLUSION

    For the reasons set forth below the Court **GRANTS** Hunter leave to proceed on his claim that Correctional Officer Wise purposely left him in an unlocked cell to retaliate against him in violation of his rights under the First, Eighth, and Fourteenth Amendments; **DISMISSES** all other claims; **DISMISSES** Ed Buss, David Donahue, and Sargent Harrison; **DIRECTS** the United States Marshals Service to effect service of process on Correctional Officer Wise; and **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Correctional Officer Wise to respond to the complaint as provided for in the Federal Rules of Civil Procedure.

**DATED: July 31, 2008**                    **/s/ RUDY LOZANO, Judge**
                                                **United States District Court**