UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRINITY HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:07-CV-593 |
| v. ) | |
| ) | |
| INDIANA ) | |
| DEPARTMENT OF CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

The defendant, by counsel filed a motion (Doc. No. 57) to strike the second response (Doc. No. 50) to the summary judgment motion. Trinity Hunter, a *pro se* prisoner, filed a motion (Doc. No. 49) to "correct and clarify."

BACKGROUND

On September 22, 2008, the defendant filed a motion (Doc. No. 39) for summary judgment on the grounds that Hunter did not exhaust his administrative remedies before he initiated this action under 42 U.S.C. § 1983. (Doc. No. 39). On October 27, 2008, Hunter filed a four-page document. (Doc. No. 43). Three days later, on October 30, 2008, Hunter submitted a letter (Doc. No. 44) in which he explains that earlier submission was not his "formal response" to the summary judgment motion. Additionally, he points out that the Court set December 15, 2008, as the deadline for his response to the defendant's summary judgment motion. Hunter's letter refers to the October 27, 2008, submission as a discovery request. Subsequently, on December 4, 2008, Hunter filed a document he titled "Motion to Respond to Defendant's Motion for Summary Judgment." (Doc. No. 50). It is this filing the defendant seeks to strike. The defendant maintains Hunter's October 27, 2008, filing was a response to the summary judgment motion, because, as the old saying goes, "it

quacks like a duck." (Doc. No. 57 at 3).

DISCUSSION

To support his motion to strike, the defendant points out he has already replied to Hunter's first response to his summary judgment motion. Allowing Hunter to present a second response would require him to submit a second reply, the defendant further contends. Basically, the defendant argues the Court should strike Hunter's December 4, 2008, filing to, as another old saying goes, prevent him from taking "two bites at the apple."

However, the defendant overlooks the fact Hunter immediately wrote the Court that his October 27, 2008, filing was not intended as his response to the defendant's motion. Although, as the defendant observes, in it, Hunter addresses the defendant's arguments and explicitly asks the Court to deny the defendant's summary judgment motion, Hunter titled that filing "Response to Court Order Related to Exhaustion." (Doc. No. 43 at 1). Also, Hunter asks for a "court order" to get his hospital and prison medical records. (*Id*. at 4). That request supports the claim in Hunter's letter that he meant the October 27, 2008, submission as a discovery request. Moreover, on November 21, 2008, after the defendant replied to that filing, Hunter filed a motion (Doc. No. 49) to "correct and clarify error" in which he emphatically insists that he had not submitted his response to the motion for summary judgment. Thus, it is not clear Hunter responded to the summary judgment motion on October 27, 2008. Rather, it appears these papers were mischaracterized.

Also, the Court disagrees that declining to strike Hunter's response invites this *pro se* litigant to make his own rules. Hunter attempted to follow the rules; he filed his intended response to the defendant's motion before the deadline. The same cannot be said for the defendant's untimely motion to strike. Fed. R. Civ. P. 12(f)(2). Based upon Hunter's letter filed soon after the submission

quacks like a duck." (Doc. No. 57 at 3).

DISCUSSION

To support his motion to strike, the defendant points out he has already replied to Hunter's first response to his summary judgment motion. Allowing Hunter to present a second response would require him to submit a second reply, the defendant further contends. Basically, the defendant argues the Court should strike Hunter's December 4, 2008, filing to, as another old saying goes, prevent him from taking "two bites at the apple."

However, the defendant overlooks the fact Hunter immediately wrote the Court that his October 27, 2008, filing was not intended as his response to the defendant's motion. Although, as the defendant observes, in it, Hunter addresses the defendant's arguments and explicitly asks the Court to deny the defendant's summary judgment motion, Hunter titled that filing "Response to Court Order Related to Exhaustion." (Doc. No. 43 at 1). Also, Hunter asks for a "court order" to get his hospital and prison medical records. (*Id*. at 4). That request supports the claim in Hunter's letter that he meant the October 27, 2008, submission as a discovery request. Moreover, on November 21, 2008, after the defendant replied to that filing, Hunter filed a motion (Doc. No. 49) to "correct and clarify error" in which he emphatically insists that he had not submitted his response to the motion for summary judgment. Thus, it is not clear Hunter responded to the summary judgment motion on October 27, 2008. Rather, it appears these papers were mischaracterized.

Also, the Court disagrees that declining to strike Hunter's response invites this *pro se* litigant to make his own rules. Hunter attempted to follow the rules; he filed his intended response to the defendant's motion before the deadline. The same cannot be said for the defendant's untimely motion to strike. Fed. R. Civ. P. 12(f)(2). Based upon Hunter's letter filed soon after the submission

at issue, it would not do justice to construe the plaintiff's October 27, 2008, filing as his response to the summary judgment motion. Fed. R. Civ. P. 8(e).

Under Fed. R. Civ. P. 7(a)(7), unless the Court orders it, the defendant is not required to reply to Hunter's response. The Court notes the defendant asserts that Hunter's December 4, 2008, filing lends support to his claim that Hunter did not exhaust his administrative remedies. Nevertheless, the Court will allow the defendant time to reply.

Therefore, the Court:

(1) **GRANTS** the motion (Doc. No. 49) to "correct and clarify" that October 27, 2008, filing was not the plaintiff's response to the summary judgment motion (Doc. No. 39);

(2) **DENIES** the motion (Doc. No. 57) to strike; and

(3) **GRANTS** the defendant to and including February 20, 2009, to submit a reply to Hunter's response (Doc. No. 50) to the summary judgment motion.

**SO ORDERED.**

Dated this 11th Day of February, 2009.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge